IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KELVIN A. TSE, D.D.S., INC.,<br>individually and d/b/a KELVIN A.<br>TSE, D.D.S.; SUNRISE DENTAL<br>ASSOCIATES; MARTY SHEPHARD,<br><br>        Defendants. | 2:08-cv-01188-GEB-DAD<br><br><br><br>ORDER RE: SETTLEMENT<br>AND DISPOSITION |

On July 3, 2008, Plaintiff filed a Notice of Settlement in which he states "this parties have settled this action [and] [d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than July 23, 2008. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

/ / /

/ / /

1 | The status conference scheduled for September 15, 2008,
2 | will remain on calendar, in the event that no dispositional
3 | document is filed, or if this action is not otherwise dismissed.
4 | Further, a joint status report shall be filed fourteen days prior
5 | to the status conference.[1]
6 | IT IS SO ORDERED.
7 | Dated: July 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2